LYONS, JUDGE:
Claimants seek to recover $50,000.00 for damages arising out of an automobile accident which occurred on January 18, 1980. On that date, claimant, Gary Lynn Daniels, was driving his 1968 Chevrolet Camaro on W. Va. Route 61, northbound, from Oak Hill. He was accompanied by his wife, Alberta Daniels, and their two small children. At approximately 8:30 p.m., he encountered rocks in the road. He attempted unsuccessfully to avoid striking the rocks. As a result of the accident, the claimants were injured, and the vehicle destroyed. Mary Ellen Daniels, claimant’s infant daughter, died of her injuries a week *293 after the accident. Claimants allege that the respondent was negligent in failing to promptly remove the rocks after receiving notice of the condition.
Claimants introduced evidence from two people who stated that they called respondent’s Oak Hill Garage to inform them of rocks. One witness, Patricia K. Nichols, placed the time of her call at shortly after 8:00 p.m. She testified that she was told by whoever answered the telephone that the condition had already been reported. The other witness, Bonnie Bragg, could not establish the time of her call, but also said that she was told that the slide had already been reported. The three employees on duty at the Oak Hill Garage all testified that the first notice they had received was a call from the W. Va. Department of Public Safety, and that this call was received after the accident had occurred.
The State is neither an insurer nor a guarantor of the safety of travellers on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be found liable for the damages sustained, the claimants must prove that the respondent had actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976). Considering the evidence in the light most favorable to the claimants, and assuming that respondent received notice of the rocks prior to the accident, the Court is constrained to find that there was not a sufficient amount of time for respondent to act. Although the Court is sympathetic toward the claimants, in view of the foregoing, the Court must disallow the claim.
Claim disallowed.