PER CURIAM:
The claimant, Brian Keith Huggins, seeks an award of$121.27 from the respondent, Division of Highways, for damage to his vehicle, a 1995 Nissan Pathfinder. The damage occurred on June 15, 1996, at approximately 6:00 p.m., while the claimant was driving east on Route 460 near Ramey Chevrolet in Mercer County. During the drive, the claimant was traveling fifty-miles per hour in the passing lane when his vehicle crossed a broken section of the pavement. The claimant testified that there were several large chunks of pavement in the road an one of the pieces- bounced up and struck his vehicle. According to the claimant, the impact made a dent in the side of his vehicle. The estimate cost to repair the dent was $121.27. The claimant travels Route 460 five days per week, and he stated that the pavement was not broken during his previous trip through the area.
Trooper Steven Paul Bruno, of the West Virginia Sate Police, testified that the observed the broken area of pavement during the afternoon of June 15, 1996. However, he did not report the situation to the respondent because it did not appear to be a hazardous condition.
Artice E. Hodges, a supervisor for the respondent in Mercer County, described the break in the pavement as a joint failure. According to Mr. Hodges, joint failures occasionally occur when temperatures exceed 85 degrees, and they are caused by expansion of the pavement. Mr. Hodges also stated that he was unaware of any way to predict when and where a joint failure would occur.
In order to establish negligence on behalf of the respondent for damage caused by a road defect of this nature, a claimant must prove by a preponderance of the evidence that the respondent *181 had either actual or constructive notice of the defect and a reasonable opportunity to take corrective action. Pritt vs. Division of Highways, Unpublished opinion issued April 4, 1995, CC-94-26; Daniels vs. Dept. of Highways, 15 Ct. Cl. 292 (1985).
Based on the evidence presented in this claim, the Court finds that the respondent did not have notice of the joint failure until 6:00 p.m. on June 15, 1996. Therefore, the claimant has not established that the respondent had notice of the joint failure and a reasonable opportunity to repair it. Accordingly, this claim must be denied.
Claim disallowed.